

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 5750 | **DATE** | 12/13/2004 |
| **CASE TITLE** | US vs. Louis F. Rowe (02 CR 163-1) | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Rowe's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied with prejudice. Final judgment entered.

(11) ■ [For further detail see order attached to the original minute order.]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 04 C 5750 |
| | ) | (02 CR 163-1) |
| LOUIS F. ROWE, | ) | |
| | ) | |
| Defendant. | ) | |

DOCKETED
DEC 14 2004

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

The present matter comes before the court on petition of Louis Rowe ("Rowe") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth here, the motion is denied with prejudice.

## BACKGROUND

On February 13, 2002, the United States filed a two-count indictment against Rowe and others. Specifically, Rowe was charged with conspiring to violate the federal firearms record-keeping requirements and to unlawfully ship and transport firearms, in violation of 18 U.S.C. §§ 2 and 371 (Count One), and with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (Count Two).

After over one year as a fugitive, Rowe was arrested. He was arraigned on April 25, 2003, at which time he pleaded not guilty. Rowe changed his plea to guilty on December 5, 2003, pursuant to a written plea agreement. Conviction duly followed and Rowe was sentenced in accordance with his plea agreement on January 21, 2004. A sixty-month term was imposed on Count One and a one hundred twenty-month term on Count Two, running consecutively, for a total term of one hundred eighty months. Rowe brings the present petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## LEGAL STANDARD

The legal framework for evaluating a petition under 28 U.S.C. § 2255 is well-established. Relief under a § 2255 claim is limited to situations where a conviction or sentence is based on "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Bischel v. United States, 32 F.3d 259, 263 (7th Cir. 1994) (quoting Borre v. United States, 940 F.2d 215, 217 (7th Cir. 1991)). If the court finds that any of the above errors occurred, then it will vacate and set aside the judgment and discharge, resentence, or retry the prisoner as appropriate. 28 U.S.C. § 2255. When reviewing a § 2255 petition, the district court must review the record and draw all reasonable inferences in favor of the government. Carnine v. United States, 974 F.2d 924, 928

(7th Cir. 1992). We note that Rowe has filed his petition pro se and thus his petition is entitled to a liberal reading. Blake v. United States, 841 F.2d 203, 205-06 (7th Cir. 1988).

## DISCUSSION

Rowe first claims ineffective assistance of counsel. This ground focuses on the assistance his attorneys provided him during the interim between his not guilty plea in April 2003, and his change to a guilty plea in December of the same year. Specifically, Rowe asserts that his attorneys knowingly refused to follow through with a motion to suppress evidence that was allegedly obtained in violation of Rowe's Fourth Amendment rights. Rowe's second ground is based upon the constitutionality of his sentencing enhancement. He claims that based upon the Supreme Court's decision in Blakely v. Washington, 124 S. Ct. 2531 (2004), he should have been sentenced to his base offense level alone and that higher offense levels should not have been added. We address each of Rowe's two grounds in turn.

### I. Ineffective Assistance of Counsel

Rowe asserts that his counsel was constitutionally ineffective because his attorneys purportedly should have pressed Rowe's motion to suppress, rather than advising him to enter into the plea agreement. However, in his plea agreement, Rowe waived his right to, among other things, file a *habeas* petition, except to the extent that

he retained the right to raise a claim of ineffective assistance of counsel which related directly to the waiver itself or its negotiation. It is well-settled that a waiver such as the one contained in Rowe's plea agreement is enforceable, "unless the agreement in which it is contained is annulled (for example, because involuntary)." United States v. Hare, 269 F.3d 859, 860-61 (7th Cir. 2001); see also United States v. Sines, 303 F.3d 793, 798 (7th Cir. 2002); United States v. Wenger, 58 F.3d 280 (7th Cir. 1995).

Here, Rowe does not allege that his waiver or the negotiation thereof was the result of involuntariness or ineffective assistance of counsel. Rowe has presented no basis for us to conclude that he did not knowingly and voluntarily relinquish his right to seek the type of relief he now claims he is entitled to. Consequently we cannot reach the merits of his assertion that the motion to suppress would have been successful or the conduct of his attorneys in suggesting that Rowe change his plea rather than proceed further with the motion to suppress fell below constitutionally acceptable standards.

## II. Constitutionality of Sentencing Enhancement

In his second ground for relief, Rowe cites Blakely v. Washington, and generically alleges that its holding mandates an after-the-fact reduction in his sentence. Blakely, 124 S. Ct. at 2537. As a threshold matter, we must first determine whether Blakely is implicated in the present situation. Liberally read, Rowe's petition claims

-4-

that his one hundred eighty month sentence exceeded the "sentencing maximum" as Blakely redefined that term. Blakely held that "the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." Id.

Rowe's argument ignores the fact that no additional findings were required in his case. In his plea agreement, Rowe admitted facts increasing his offense level from 22 to 37.[1] An offense level that high enables, under the applicable Guidelines, a sentence of three hundred sixty months to life. The respective statutes under which Rowe was convicted cap the allowable sentences at sixty months and one hundred twenty months. Therefore, these two numbers present the maximum that could be imposed despite the fact that the upper limit under the Guidelines was life. Because no additional findings of fact were necessary to get Rowe to the one hundred eighty month sentence that was imposed, Blakely has no applicability to his situation and no reduction is possible.

---

[1] The plea agreement stated that Rowe's final offense level was 36 but the sum of the individual increases is 15 not 14.

## CONCLUSION

For the foregoing reasons, Rowe's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied with prejudice.

_____
Charles P. Kocoras
Chief Judge
United States District Court

Dated: DEC 13 2004